1  SUZZANNE S. UHLAND (S.B. #136852)
   suhland@omm.com
2  STEPHEN H. WARREN (S.B. #136895)
   swarren@omm.com
3  JENNIFER TAYLOR (S.B. #241191)
   jtaylor@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, California 94111-3823
   Telephone:    (415) 984-8700
6  Facsimile:    (415) 984-8701

7  Attorneys for
   OneWest Bank N.A.

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD BERNARD SUSSMAN<br>and<br>LYNDA ROSEMARY SUSSMAN<br><br>Debtors. | Case No. 09-40459-RLE<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ONEWEST BANK N.A.'S SUBMISSION IN ADVANCE OF AUGUST 20, 2014 HEARING AND *EX PARTE* APPLICATION FOR APPEARANCE OF SENIOR VICE PRESIDENT**<br><br>Date:      August 20, 2014<br>Time:      1:30 p.m.<br>Courtroom: 201 |

## I. INTRODUCTION

OneWest Bank N.A. ("OneWest"), the former servicer of the debtors' mortgage loans, hereby respectfully requests *ex parte* pursuant to 11 U.S.C. § 105 an order permitting Ms. Elizabeth Baumeister, OneWest's Senior Vice President of Consumer Counseling Support, to appear at the hearing set for August 20, 2014, in lieu of Mr. Joseph Otting, OneWest's CEO. OneWest recognizes the import of this matter and makes this request for two reasons. First, Ms. Baumeister is a senior executive more familiar with OneWest's mortgage servicing practice and the transfer of certain loans to Ocwen (including the Sussmans' loans). Accordingly, good cause exists to permit her to appear in Mr. Otting's stead, particularly in light of her greater personal familiarity with certain of OneWest's policies and processes that the Court may wish to discuss. Second, as explained below, Mr. Otting is not available for the August 20 hearing due to a previously scheduled family vacation out of state. However, if the Court determines after Ms. Baumeister attends the August 20 hearing that Mr. Otting's attendance remains necessary, Mr. Otting would be able to attend a rescheduled proceeding the following week in order to further address any outstanding concerns.

Additionally, by this submission, OneWest hereby provides the Court with the documentation it requested in its August 8, 2014 order, and submits further background information for the Court's consideration, as contemplated by the same order.

## II. BACKGROUND

### A. OneWest Has Not Serviced Debtors' Loan Since 2013.

When debtors Richard and Lynda Sussman filed this chapter 13 case on January 22, 2009, OneWest did not yet exist. At that time, the debtors' mortgage servicer was IndyMac Federal Bank, F.S.B. ("IndyMac Federal"). (*See* Dkt. Nos. 2, 13.) IndyMac Federal was a then-newly chartered institution created by the Federal Deposit Insurance Corporation ("FDIC") to administer the former assets of IndyMac Bank, F.S.B. ("IndyMac"), which the Office of Thrift Supervision had closed on July 11, 2008 and placed into FDIC receivership. (IndyMac Failed Bank Information, *available at* https://www.fdic.gov/bank/individual/failed/IndyMac.html.)[1]

---

[1] Information on the FDIC's website is the proper subject of judicial notice. *Zoaby v. JPMorgan Chase Bank, N.A.*,

Accordingly, the debtors' original chapter 13 plan, which was filed on January 22, 2009, listed "IndyMac" as their mortgage servicer. (Dkt. No. 2.) OneWest was formed two months after the debtors filed this action when, on March 19, 2009, OneWest purchased IndyMac Federal's assets from the FDIC and became the servicer of the debtors' two mortgage loans: a first-lien mortgage loan and an adjustable-rate home equity line of credit. (*See* IndyMac Failed Bank Information, *available at* https://www.fdic.gov/bank/individual/failed/IndyMac.html.) IndyMac Federal filed two proofs of claim in this action: claim 2-1 for the home equity line of credit, and claim 3-1 for the debtors' first-lien mortgage loan. (Claims Register.) The debtors' amended chapter 13 plan, which they filed on April 30, 2009, likewise named "IndyMac" as the creditor. (Dkt. No. 13.)

On or around December 1, 2013, the servicing rights to the debtors' loans were transferred from OneWest to Ocwen Loan Servicing, LLC ("Ocwen"), pursuant to the Mortgage Servicing Rights Purchase and Sale Agreement between OneWest and Ocwen ("MSRPSA"). (Declaration of Elizabeth Baumeister ("Baumeister Decl.") at ¶¶4-5, Ex. A (MSRPSA), Ex. B (Redacted Mortgage Loan Schedule).)[2] As of that time, OneWest no longer had any interest in the debtors' loans, and Ocwen was responsible for taking all actions with respect to the loans in this case. (Baumeister Decl. at ¶7.) Pursuant to Section 7.03(d) of the MSRPSA, Ocwen was to file transfers of all claims relating to service-transferred mortgage loans then pending in bankruptcy. (*See* Ex. A at 34.) OneWest has learned that Ocwen did not do so in this case until July 10, 2014.

**B.  OneWest Believed That Ocwen, As Current Servicer Of The Debtors' Loans, Was Responding Appropriately To The Court's Orders.**

On January 31, 2014, the chapter 13 trustee in this case filed a Notice of Final Cure Mortgage Payment pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f). (Dkt. No. 27.) OneWest was not served with this notice; it was served on IndyMac Bank's counsel. (*Id.*) The Court entered an order discharging the debtors on March 3, 2014. (Dkt. No. 34.) On March 4, 2014, the debtors filed a Motion to Preclude Creditor OneWest Bank as Successor to IndyMac

---

No. 14–cv–01545–BLF, 2014 WL 3840789, at *2 n.5 (N.D. Cal. Aug. 1, 2014) (taking judicial notice of FDIC purchase agreement made publicly available on the FDIC's website).

[2] The MSRPSA is the agreement referred to in this Court's August 8, 2014 order and that this Court requested be submitted to the Court on or before August 15, 2014. The MSRPSA is attached as Exhibit A to the declaration of Elizabeth Baumeister, filed concurrently herewith.

- 2 -

Federal Bank FSB And Its Successors in Interest From Presenting Omitted Information, to Deem Debtors Current on All Pre-Petition Default & Post-Petition Amounts Due, And Request for Attorney's Fees, which was mailed to OneWest's headquarters. (Dkt. No. 35.) OneWest sent the motion to Ocwen. (Declaration of Rebecca Marks ("Marks Decl."), Dkt. No. 60-1, at ¶7.) The Court granted the motion on April 9, 2014 and ordered "IndyMac Federal Bank FSB and its successors in interest ('First Mortgage Creditor')" to pay $2,109.00 of the debtors' attorneys' fees. (Dkt. No. 43.) Again, OneWest sent the order, which had been mailed to OneWest's headquarters, to Ocwen. (Marks Decl., Dkt. No. 60-1, at ¶9.) As the successor servicer to OneWest, Ocwen was responsible for handling the bankruptcy proceeding with respect to the debtors' loans. (Baumeister Decl. at ¶7.) As Ocwen has acknowledged to this Court, OneWest, as the former servicer, expected that the current servicer, Ocwen, would respond to motions and orders filed in this case, as OneWest no longer had any interest in the loans at issue. (Ocwen's *Ex Parte* Application, Dkt. No. 60, at 5-7 ("[OneWest] has demonstrated that it advised Ocwen of the pending Motion, the Order Approving the Motion, the first OSC, and anticipated Ocwen would appear and/or respond.").) The final decree was entered on April 14, 2014. (Dkt. No. 45.)

This case was reopened on June 3, 2014, and the following day the debtors moved *ex parte* for an "Order for OneWest Bank as successor to IndyMac Federal Bank FSB and its successors in interest ('First Mortgage Creditor') to Show Cause as to why it should not be sanctioned" for failure to have responded to the Court's previous order awarding the debtors' attorneys' fees. (Dkt. No. 51.) The Court entered the order to show cause the same day and set the show-cause hearing for July 9, 2014. (Dkt. No. 52.) OneWest sent the order to Ocwen. (Marks Decl., Dkt. No. 60-1, at ¶10.) On July 10, 2014, Ocwen filed a Transfer of Claim. (Dkt. No. 55.) On July 21, 2014, this Court entered an order to show cause, awarded the debtors' additional attorneys' fees, and ordered that Joseph Otting, OneWest's CEO, and Danny Garcia of OneWest appear before the Court on August 20, 2014, to explain OneWest's previous nonappearance. (Dkt. No. 58.) On August 6, 2014, Ocwen moved to excuse Messrs. Otting and Garcia from appearing at the August 20 hearing, on the grounds that Ocwen has serviced the debtors' loan at all relevant times and on the grounds that Ocwen, as servicer, had been

- 3 -

responsible for the previous responses to the Court's orders to show cause. (Dkt. No. 60.) OneWest was informed and believed that counsel for Ocwen would be responding jointly to the Court's order to show cause for OneWest as well, but OneWest is now aware that Ocwen's counsel did not do so. The Court entered an order two days later excusing Mr. Garcia from appearing at the hearing, but requiring the attendance of Mr. Otting.

### C. OneWest Has Acted Swiftly To Comply With The Court's Previous Orders.

Since OneWest became aware that the current servicer had not responded to the Court's previous orders, it has done everything in its power to rectify previous failures. Specifically, OneWest has contacted the debtors' counsel to ensure swift payment of the attorneys' fees they have been awarded. (Oakley Dec. at ¶2.) The debtors' counsel informed OneWest's counsel that indeed the fees were paid on August 2, 2014. (*Id.* at ¶3; *see also* Declaration of Attorney Regarding Order to OneWest Bank As Successor to IndyMac Federal Bank FSB and its Successors in Interest to Show Cause Why it Should Not Be Further Sanctioned, Dkt. No. 63, at ¶3.) OneWest will appear at the hearing on August 20 and will be prepared to provide the Court with information regarding the transfer of the servicing rights to the debtors' loans to Ocwen and its processing and handling of the Court's previous orders.

### III. GOOD CAUSE EXISTS TO PERMIT ONEWEST'S SENIOR VICE PRESIDENT OF CONSUMER COUNSELING SUPPORT TO PROVIDE THE INFORMATION THE COURT SEEKS AT THE AUGUST 20, 2014 HEARING.

OneWest takes very seriously this Court's concerns regarding the previous failures to respond to the Court's orders to show cause. Toward that end, OneWest hereby requests that the Court permit it to present one of its senior executives, Senior Vice President Elizabeth Baumeister, in place of Mr. Otting to provide the Court with any information it requires on August 20. OneWest believes that Ms. Baumeister is better situated to address issues relevant to the loan and related transfer. Mr. Otting is traveling out of state for a previously scheduled family vacation on August 20, though he could appear before the Court personally the following week if desired.[3] OneWest proposes that the Court make that determination after Ms. Baumeister's

---

[3] Mr. Otting will be in Idaho with his family as part the annual fund raising events and retreat for the Killebrew Thompson Memorial Foundation ("KTM"), of which he is a board member. *See*

- 4 -

appearance on August 20. In the meantime, OneWest appreciates the gravity of the Court's concerns and desires to address them at the August 20 hearing through the personal appearance of Ms. Baumeister and OneWest's own counsel.

Ms. Baumeister is OneWest's Senior Vice President of Consumer Counseling support. She has direct knowledge of OneWest's procedures relating to the filing of bankruptcy claims; its processing of court notices; its processes with respect to loans that have been service transferred; its communications with Ocwen regarding service-transferred loans that are in bankruptcy; and the MSRPSA that this Court requested that OneWest provide in advance of the hearing. (*See generally* Baumeister Decl.) In seeking an order permitting OneWest to present Ms. Baumeister rather than Mr. Otting at the hearing on August 20, OneWest seeks to provide the Court with a better source of information on the date set by the Court, while still ensuring that one of the company's senior-most executives travels to the hearing.[4] Ms. Baumeister will travel to the hearing from Florida, and her presence at the hearing reflects OneWest's utmost desire to satisfy the Court's order.

Additionally, OneWest has communicated with the debtors' counsel, and the debtors do not object to substituting Ms. Baumeister's appearance for that of Mr. Otting on August 20. (Oakley Decl. at ¶3.) OneWest is confident Ms. Baumeister and its own counsel will be better suited to address the relevant inquiries. But in the event that the Court has further concerns after the appearance by Ms. Baumeister on August 20 and still desires that Mr. Otting appear before the Court in person, OneWest requests that the Court set a further conference to occur during the week of August 25, 2014, to address such concerns.

## IV. CONCLUSION

For these reasons, OneWest respectfully requests that this Court enter an order, in substantially the form attached hereto as Exhibit 1, substituting Ms. Baumeister's appearance at the August 20, 2014 hearing in place of Mr. Otting's appearance.

---

http://www.killebrewthompsonmemorial.com/#!board/c1ghi. KTM is a charity that focuses on cancer research and treatments. Mr. Otting will be participating in these events, which have been previously scheduled for some time.

[4] Of course, OneWest cannot speak to Ocwen's actions or omissions in the handling of this matter. Ocwen must ultimately explain how it addressed (or failed to address) the prior pleadings in this case.

- 5 -

Dated: August 13, 2014

SUZZANNE S. UHLAND
STEPHEN H. WARREN
JENNIFER TAYLOR
O'MELVENY & MYERS LLP

By: /s/ Jennifer Taylor
Jennifer Taylor
Attorneys for OneWest Bank N.A.

# EXHIBIT 1

| | |
|---|---|
| 1 | SUZZANNE S. UHLAND (S.B. #136852)<br>suhland@omm.com |
| 2 | STEPHEN H. WARREN (S.B. #136895)<br>swarren@omm.com |
| 3 | JENNIFER TAYLOR (S.B. #241191)<br>jtaylor@omm.com |
| 4 | O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor |
| 5 | San Francisco, California 94111-3823<br>Telephone: (415) 984-8700 |
| 6 | Facsimile: (415) 984-8701 |
| 7 | Attorneys for<br>OneWest Bank N.A. |

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD BERNARD SUSSMAN<br>and<br>LYNDA ROSEMARY SUSSMAN<br><br>Debtors. | Case No. 09-40459-RLE<br><br>Chapter 13<br><br>**[PROPOSED] ORDER GRANTING RELIEF REQUESTED IN ONEWEST BANK N.A.'S SUBMISSION IN ADVANCE OF AUGUST 20, 2014 HEARING AND *EX PARTE* APPLICATION FOR APPEARANCE OF SENIOR VICE PRESIDENT**<br><br>Date: August 20, 2014<br>Time: 1:30 p.m.<br>Courtroom: 201 |

On August 13, 2014, OneWest Bank N.A. ("OneWest") filed its Submission in Advance of August 20, 2014 Hearing and *Ex Parte* Application for Appearance of Senior Vice President (the "OneWest Submission"). Upon review and consideration of the OneWest Submission, the evidence offered in support thereof, the record in this case, having received no objection to the relief requested in the OneWest Submission, and for good cause appearing,

IT IS HEREBY ORDERED that OneWest's *ex parte* request to allow Elizabeth Baumeister to appear at the August 20, 2014 hearing in the place of Joseph Otting is GRANTED.

1     IT IS FURTHER ORDERED that the Order to Show Cause is hereby amended as follows:

2     (1)     Joseph Otting's appearance at the August 20, 2014 hearing on the Order to Show Cause is excused.

3     (2)     Elizabeth Baumeister must personally appear at the hearing on the Order to Show Cause on August 20, 2014 at 1:30 p.m.

4     (3)     If, after hearing from Ms. Baumeister at the August 20, 2014 hearing on the Order to Show Cause, the Court desires further discussion with Joseph Otting regarding the matters set forth in the Order to Show Cause, the Court will at that time order Mr. Otting to appear personally before the Court during the week of August 25, 2014.

**IT IS SO ORDERED.**

****END OF ORDER****